SO ORDERED: November 27, 2006.

_____
**Frank J. Otte**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| TIMOTHY K. CASSADY | ) CASE NO.05-81652-FJO-7 |
|     Debtor | ) |
| _____ | ) |
| | ) |
| | ) |
| SOUTHERN ILLINOIS HEALTHCARE | ) |
| SERVICE d/b/a MEMORIAL | ) |
| HOSPITAL OF CARBONDALE | ) |
|     Plaintiff | ) |
|                   vs. | )  Adversary Proceeding |
| | )   No.05-8052 |
| | ) |
| TIMOTHY K. CASSADY | ) |
|     Defendant | ) |

## ENTRY

This matter came before the Court upon the filing of the Complaint for non-dischargeability of debt under section523(a)(9) by the Plaintiff, Southern Illinois Healthcare Services d/b/a Memorial Hospital of Carbondale, on November 11, 2005. The Defendant filed

an Answer and Affirmative Defenses to the Complaint.  The parties agreed that this adversary proceeding shall track the case of AP 05-8051 since the facts are, for all relevant purpose, the same other than the name of the Plaintiff and the amount prayed for in the Complaint.

The parties agreed that it is appropriate for this matter to be decided on the pleadings, without a trial.  None of the parties contests any of the material issues of fact as presented in their briefs which were filed by each side.  This matter is now ready for the Court's ruling.

The Court entered a judgement entry in favor of the Defendant and against the Plaintiff in AP 05-8051 on November 13, 2006.  This Court adopts the same entry in the present case.

### **Factual Background**

On May 31, 2004 Debtor/Defendant, Tim Cassady, was riding his motorcycle on 2nd Street located in Vincennes, Indiana.  The Defendant admits he lost control of his motorcycle, which resulted in an accident.  The Defendant was the only person involved in the accident.  He suffered injuries and was taken to Good Samaritan Hospital for medical treatment.

After the Defendant was stabilized, he was transferred from Good Samaritan Hospital to the Plaintiff's facility, which is located in Carbondale, Illinois, for treatment.  The Defendant was in a coma at the time he was transferred to the Plaintiff's facility.  The Plaintiff admits it only accepted the Defendant as a patient after he was pre-approved by his existing health insurance company.  While the Defendant was a patient at the Center For Comprehensive Services, Inc., he also received treatment form Southern Illinois Healthcare Services, d/b/a Memorial Hospital of Carbondale.

The Defendant recovered and was released.  The Defendant's health insurance carrier refused to pay the Center For Comprehensive Services, Inc. and Southern Illinois Healthcare

Services, d/b/a Memorial Hospital of Carbondale and other health care providers for the medical services the Defendant received by these entities. The health insurance company's refusal to pay was allegedly due to the insurance carrier's determination that Defendant "illegally used alcohol", which resulted in the accident.

The Plaintiff initiated this action claiming that the debts owing to it should be excepted from discharge. It asserts that since the Debtor's accident was due to intoxication, the underlying bills for treatment were caused by the intoxication, therefore, the debts should be not be discharged under section 523(a)(9).

The question before this Court is whether the Plaintiff can claim its debts are nondischargeable under section 523(a)(9). Can the Plaintiff, a corporation, suffer *"...debts for death or personal injury ..."* which are the debts excepted from discharge under the scope of this section? Can the Plaintiff, being a corporation, suffer a personal injury so as to claim the exception as to its debts under this section?

## Legal Discussion

The Defendant is correct in asserting that the overall objective of the bankruptcy code is to offer debtor's a "fresh start". Delph v.Dilk, 311 B.R. 758, 760 (Bankr S.D. Ind. 2004). To achieve this goal, the code is construed broadly and the exceptions to discharge must be narrowly construed to protect this "fresh start". Id.

Congress added section 523(a)(9) to the Bankruptcy Code in 1984. The Court in Delph v. Dilk stated that the purpose of Congress enacting this new code section was clearly to protect the victims of drunk driver, to ensure that they are not further victimized by allowing their damage awards to be discharged by the driver's bankruptcy. Id. Congress felt it was more important to safeguard the interest of persons physically injured by drunk drivers and the families of persons

killed by drunk drivers than to afford the broadest discharge possible to the drunk driver debtor. " <u>Id.</u>

In 1990, section 523 (a)(9) was amended and provides in its pertinent part that *"a discharge under section 727, 1141, 1228(a), 1228(b), 1328(b) does not discharge an individual debtor from any debt for death or personal injury caused by the debtor's operation of a motor vehicle if the operation is unlawful because the debtor was intoxicated from using alcohol, a drug or another substance."*

Clearly no death occurred in this case and "personal injury" means a physical and mental impairment, damage, loss or detriment to a person, not injury to property. <u>United States v. Burke</u>, 504 U.S. 229, (1992), <u>United States v. James</u>, 478 U.S. 597,614 (1986).   A corporate entity is not  person under section 523(a)(9) and can not bring an action under this section.   It could not have sustained a personal injury (or death) and therefore has no debts from such, which are the debts excepted from discharge under section 523(a)(9).  The Plaintiff admitted that the only personal injuries suffered in this case were by the Defendant. The Plaintiff did not suffer a personal injury from which an indebtedness resulted.  It suffered an economic loss; unpaid bills. The cause of the accident would be relevant in an action by a party or estate seeking damages from the death or personal injuries caused by a defendant who unlawfully operated a vehicle while intoxicated, but not by a third party like the Plaintiff.

Even if the Plaintiff was considered to be a protected person under section 523 (a)(9), and has standing to bring this adversary proceeding, the Plaintiff is still making a claim in this adversary proceeding for monies owed to for medical services rendered to the Defendant for his personal injuries, not for personal injuries sustained by the Plaintiff.  Business entities like the Plaintiff, cannot suffer any type of personal injury other than defamation, which is not being

alleged in this case. which is false statements affecting its trade of business. <u>Bovett Coffee Co. v. United States</u>, 775 F. Supp. 1001 (W.D. Tex. 1991).

Since the Plaintiff's claim is for services rendered, which are property damages, not personal injuries or death, the Plaintiff fails to state a claim for which relief can be granted to it under this adversary proceeding under section 523 (a)(9).

## CONCLUSION

Based upon the foregoing, this Court enters judgment on the Complaint in favor of the Defendant and against the Plaintiff ; the Plaintiff shall take nothing by way of its action and all debts based on this action are DISCHARGEABLE.

###